IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:06cr12/LAC
 3:08cv116/LAC/MD

DEMETRIUS CARL PHILLIPS

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 and supporting memorandum of law  (doc. 52 & 54).  The government has filed a response (doc. 55) and the defendant has not filed a reply, despite being afforded the time in which to do so.  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant Demetrius Carl Phillips was charged as the lone defendant in a two count indictment with (1) conspiracy to distribute and possess with intent to distribute fifty grams or more of a mixture and substance containing cocaine base and (2) distributing or possessing with intent to distribute fifty grams or more of cocaine base on a date certain.

(Doc.1).[1]   The government filed a notice of enhancement information listing three prior felony drug offenses.  (Doc. 4)

The defendant, represented by the office of the Federal Public Defender, filed a motion to suppress evidence seized during a search of a residence in which he asserted that the affidavit in support of the search warrant application did not provide the probable cause necessary to justify the search. (Doc. 12).  After response by the government (doc. 13), the district court[2] held a hearing and denied the motion. (Doc. 15).  Defendant entered a guilty plea pursuant to a written plea and cooperation agreement two days later.  (Doc. 18 & 19).  The agreement provided that defendant would plead guilty to Count One of the indictment and that the government would move for dismissal of Count Two at sentencing. It further expressly stated that if the court determined that defendant had two or more prior qualifying felony drug convictions he faced a mandatory minimum term of life imprisonment, if he had only one prior qualifying felony drug conviction he faced a mandatory minimum term of twenty years imprisonment, and even with no prior qualifying felony drug convictions he faced a mandatory minimum term of ten years' imprisonment. (Doc. 19 at 1-2).  At the rearraignment proceeding the court reiterated the possible penalties, and the parties agreed on the record that although the agreement was the entire agreement between the defendant and the office of the United States Attorney, the defendant reserved the right to appeal the denial of the motion to suppress. (Doc. 43 at 11).  The district court inquired about defendant's three prior convictions, and he asserted that they had been "thrown out." (Doc. 43 at 17).  The court did not rule on this matter, but advised that the issue would be for Judge Collier at the time of sentencing.  (Doc. 43 at 17).

A PSR was prepared after rearraignment.  It attributed 600 grams of cocaine base to the defendant, setting his base offense level at 36.  (PSR ¶¶ 22, 16).  After a three level

---

[1] The facts surrounding the offense conduct are set forth in the defendant's appellate brief (doc. 55, exh. 4 at 4-16), the PSR and the government's response to defendant's motion and need not be repeated herein.

[2] Senior Judge Lacey A. Collier is the district judge of record in this case.  The suppression hearing and rearraignment were conducted by Judge M. Casey Rodgers.

reduction for acceptance of responsibility, defendant's total offense level was 33. (PSR ¶¶ 28-29). Defendant's criminal history category was IV. (PSR ¶39). Defendant filed a written objection to the drug quantity calculation which was unresolved before sentencing.

At sentencing, the parties agreed that the appropriate drug quantity determination should have yielded a base offense level of 29, rather than 33. (Doc. 38 at 20). Defendant's recalculated guidelines range was 121-151 months imprisonment. However, because of defendant's prior felony convictions, defendant was subject to a mandatory term of life imprisonment absent a motion for substantial assistance or application of the safety valve. (Doc. 38 at 21). When questioned by the court, defendant acknowledged that he was the individual convicted of the offenses listed in paragraphs 30, 34 and 35 of the PSR, and he did not raise any challenge to the prior convictions at sentencing. (Doc. 38 at 23-24). He was sentenced to a term of life imprisonment.

Defendant appealed, and appointed counsel, after reviewing the record and concluding that he could not "in good faith raise any arguments on appeal to reverse the judgment" (Doc. 55, Att. A, exh. 1 at 2), filed an *Anders*[3] brief and a motion to withdraw.[4] In a footnote in the brief, the defendant stated as follows:

> The record is a bit peculiar with regard to the prior controlled substance convictions. According to the Government's Notice of Enhancement, he had three prior qualifying convictions, all occurring on April 10, 2000 in Alabama: possession of valium; trafficking of cocaine; and felony possession and trafficking of cocaine. R4P1; PSR ¶ 4. However, those allegations are inconsistent with the uncontested summary of his criminal record reported by the probation officer. According to the PSR, Appellant had (1) conviction on April 10, 2000, in Alabama, of Unlawful Possession or Receipt of Controlled Substance (Diazepam), committed on September 30, 1998, PSR ¶ 34; (2) a conviction on April 10, 2000, in Alabama, of Trafficking in Cocaine committed on March 8, 1999, PSR ¶ 35; and (3) a conviction on August 29, 2003, in Alabama, for 1st Degree Marijuana Possession committed on March 9, 2003, PSR ¶ 36.

---

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4]Counsel's affidavit reflects that he considered the merits of appealing the denial of the motion to suppress and the application of the sentence enhancement, discussed the case with both defendant's trial counsel and another appellate attorney in his office. (Doc. 55, att. A, exh. 1 at 1-2).

> Although the Government's notice and the PSR do not appear to be reconcilable, the problem evidently does not make any difference in this case, because Appellant's uncontested criminal history appears to qualify him for enhancement anyway under 21 U.S.C. § 841(b).

(doc. 55, Att. A, exh. 4 at 15-16 n.1). The Eleventh Circuit found no arguable issues of merit after independent examination of the record and affirmed defendant's conviction and sentence. (Doc. 51).

In the present motion, defendant claims that trial and appellate counsel were constitutionally ineffective and that the trial court had no jurisdiction over his case. The government opposes the motion in its entirety.

## II. LEGAL ANALYSIS

### A. Standards Applicable to § 2255 review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage

of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct.

1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099;

*Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). With these standards in mind, the court now considers defendant's individual claims.

    B. Defendant's claims

        1. Ineffective assistance of counsel

Defendant claims that trial counsel was constitutionally ineffective because he failed to conduct an adequate investigation into the facts and law pertaining to his case, that is, the validity of the convictions listed in the Notice of Enhancement. Defendant also claims, as a separate ground for relief, that counsel was "grossly inept" at sentencing, in that he failed to challenge the factual information contained in the Notice of Enhancement.

As noted by counsel in his *Anders* brief, the application of 21 U.S.C. § 851 is not a controlling issue on the defendant's mandatory life sentence because this sentence is also required by 21 U.S.C. § 841(b)(1)(A)(iii) due to two prior uncontested felony controlled substance convictions. Defendant did not contest the convictions before the court when he had the opportunity to do so, and has offered no proof of their invalidity. Counsel is not ineffective for failing to preserve or argue a meritless claim. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful). Defendant's

conclusory allegation that counsel's performance was constitutionally ineffective due to his failure to raise this issue for which there is no record evidence in support does not entitle him to relief.

Defendant next asserts that counsel was constitutionally ineffective in that he failed to timely question the lack of subject matter jurisdiction. He maintains that neither cocaine base nor crack cocaine are listed as controlled substances in Title 21 U.S.C. § 812, and therefore that no conviction of conspiracy to possess this substance, by whatever name, can stand. Similarly, he faults counsel for his failure to question the constitutionality of Title 21 U.S.C. § 841(a)(1), (b)(1)(A), and (ii) and (iii), claiming that any provisions containing references to crack cocaine or cocaine base are void for vagueness.

The government's response to defendant's jurisdictional argument addresses federal jurisdiction over drug-related offenses generally, and totally misses the specific thrust of defendant's claim. However, defendant's argument is neither unique nor meritorious, as it has been raised before and decided adversely to his position every time. Crack cocaine and cocaine base are both substances encompassed by Schedule II's definition of controlled substances, if not the same substance. See *Sanders v. United States*, 237 F.3d 184 (11th Cir. 2001); *United States v. Catchings*, 922 F.2d 777, 780 (11th Cir. 1991). *Sanders* held that:

> Under 21 U.S.C. § 802(6), a controlled substance is defined as "a drug or other substance, or immediate precursor, included in schedule, I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). Schedule II lists "[c]oca leaves ..., cocaine ...; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph." 21 U.S.C. § 812 , Schedule II(a)(4); see also 21 C.F.R. § 1308.12(b)(4) (listing in schedule II "coca leaves and any salt, compound, derivative or preparation of coca leaves (including cocaine ... its salts, isomers, derivatives and salts of isomers and derivatives), and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances"). Because cocaine base and crack cocaine are mixtures that contain cocaine and are derived from coca leaves, see United States v. Canales, 91 F.3d 363, 366-69 (2nd Cir. 1996) (describing chemical composition of cocaine base and crack cocaine); *United States v. Jackson*, 968 F.2d 158, 161-62 (2nd Cir. 1992) ... (same), both substances are encompassed by schedule II's definition.

Case No: 3:06cr12/LAC; 3:08cv116/LAC/MD

*Sanders*, 237 F.3d at 185.  Furthermore, a cursory examination of United States Supreme Court cases from 1990 shows that the Supreme Court has used the term crack cocaine interchangeably with the term cocaine base in the following cases:

> *Michigan v. Harvey*, 494, U.S. 344, 110 S.Ct. 1176 (1990);
> *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547 (1991);
> *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111 (1993);
> *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130 (1993);
> *Austin v. United States*, 513 U.S. 5, 115 S.Ct. 380 (1994);
> *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501 (1995);
> *United States v. Armstrong*, 517 U.S. 456, 116 S.Ct. 1480 (1996);
> *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769 (1996);
> *Bush v. Vera*, 517 U.S. 952, 116 S.Ct. 1941 (1996);
> *United States v. Nursery*, 518 U.S. 267, 116 S.Ct. 2135 (1996);
> *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633 (1997);
> *Maryland v. Wilson*, 519 U.S. 408, 117 S.Ct. 882 (1997);
> *Spencer v. Lemna*, 523 U.S. 1, 119 S.Ct. 978 (1998);
> *Florida v. White*, 526 U.S. 559, 119 S.Ct. 1555 (1999);
> *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707 (1999);
> *Maryland v. Dyson*, 527 U.S. 465, 119 S.Ct. 2013 (1999);
> *Price v. United States*, 537 U.S. 1152, 123 S.Ct. 986 (2003);
> *United States v. Banks*, 540 U.S. 31, 124 S.Ct. 521 (2003);
> *Thornton v. United States*, 541 U.S. 615, 124 S.Ct. 2127 (2004); and
> *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

(cases compiled in *Webster v. United States*, 2007 WL 1655863 (M.D. Ga. 2007)).  The same district court noted that the Eleventh Circuit has also used the terms "cocaine base" and "crack" or "crack cocaine" interchangeably at least from the time of its decision in *United States v. Catching*, 922 F.2d 777 (11th Cir. 1991). See also *United States v. King*, 972 F.2d 1259, 1260 (11th Cir. 1992) (The fact that crack cocaine is more addictive, more

dangerous, and can be sold in smaller quantities than powder cocaine is sufficient reason for Congress to provide harsher penalties for its possession); *United States v. Rodriguez*, 980 F.2d 1375, 1377 (11th Cir. 1992)( [C]haracteristics of cocaine bases, such as crack, provided a "loophole that actually encourages drug dealers to sell the more deadly and addictive substance"); *United States v. Sloan*, 97 F.3d 1378, 1383 (11th Cir. 1996)(crack cocaine is treated the same as other forms of cocaine base); *United States v. Matthews*, 168 F.3d 1234, 1250 (11th Cir. 1999)(crack cocaine defined as "an intense form of cocaine base") ... (specifically crimes involving 50 grams or more of cocaine base (crack) are subject to the same 10 year minimum sentence ... See 21 U.S.C. § 841(a)(1)); *United States v. Lewis*, 129 Fed. Appx. 573, 577 (2005) (affirming conviction for possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), noting that, "[A]s to [defendant's] contention that the guidelines do not adequately define cocaine base, the (district) court found that it was commonly understood that cocaine base and crack were the same thing."). Thus, possession of crack cocaine, a form of, if not the same thing as, cocaine base, will constitutionally support a conviction under 21 U.S.C. § 841(a)(1) and defendant's assertion that counsel was unconstitutionally deficient for his failure to raise a jurisdictional argument to the contrary does not entitle him to relief.

2. <u>Ineffective assistance of Appellate Counsel</u>

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991); *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key

issues." *Barnes,* 463 U.S. at 751-52, 103 S.Ct. at 3313. The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the appellate advocacy, which must be judged in its entirety, was effective. *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed. 2d 434 (1986). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988). Of course, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); see also *Lambrix v. Singletary*, 72 F.3d 1500, 1507 (11th Cir. 1996); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Thus defendant's claims of ineffective assistance of appellate counsel fail.

Defendant contends appellate counsel was constitutionally ineffective because he failed to appeal the matter of the lack subject matter jurisdiction due to crack cocaine not being a listed controlled substance. This argument is without merit for the reasons set forth in the previous section, and counsel cannot be faulted for his decision not to raise it.

Second, defendant contends appellate counsel was ineffective because he failed to appeal the insufficient evidence with respect to the enhancement. Again, for the reasons previously stated, defendant has not shown that this argument has merit, and appellate counsel is not ineffective for his failure to raise a meritless claim.

### 3. Lack of Jurisdiction

Finally, defendant contends that the AUSA did not have authority and the court did not have jurisdiction to prosecute a case involving "crack cocaine," and in so doing, the AUSA committed fraud on the court. This argument, which is procedurally barred due to

*Case No: 3:06cr12/LAC; 3:08cv116/LAC/MD*

defendant's failure to raise it on direct appeal,[5] also fails under the precedent set forth above.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 52) be DENIED.

At Pensacola, Florida, this 23rd day of July, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[5] A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

*Case No: 3:06cr12/LAC; 3:08cv116/LAC/MD*